B25A (Official Form 25A) (12/11)

# United States Bankruptcy Court
## Northern District of Florida

In re  **Frederick S. White, Sr.**　　　　　　　　　　　　　　　　　Case No.  **15-40516**
　　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　Chapter  **11**

## FREDERICK S. WHITE, SR.'S PLAN OF REORGANIZATION, DATED MARCH 30, 2017

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Frederick S. White, Sr.** (the "Debtor") from non debtor funds on the Effective Date of the Plan in one lump sum to each creditor.

This Plan provides for claims; 2 classes of unsecured claims; and 1 classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately three cents on the dollar. This Plan also provides for the payment of administrative and priority claims.upon the effective date of this Plan with respect to any such claim. Debtor proposes a convenience class of claims totaling under $1000.00 and a unsecured class of claims totaling $1,308,999.14.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01　　Class 1. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02　　Class 2. Convenience class of claims each of which total less than $500.00( #4,#5,#6) and have a total claim balance of $955.40.These claims allowed under Section 502 of the Code.

2.03　　Class 3. Unsecured claims # 3 and # 7 allowed under § 502 of the Code.

2.04　　Class 4. The interests of the individual Debtor in property of the estate.

### ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
### U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01　　Unclassified Claims. Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02　　Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code [, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03　　Priority Tax Claims. There are no unsatisfied Priority Tax Claims.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | unimpaired. | NONE |
| Class 2 - Convenience Class | unimpaired. | Paid in full on the effective date of the Plan. Claims total $955.40. |
| Class 3 - General Unsecured Creditors #3 and #7 | impaired | A dividend payment of three percent (3%) of the filed and allowed claims #3 and #7 paid in one cash payment on the Effective Date of the Plan. totaling $39,267.00) |
| Class 4 - Equity Security Holders of the Debtor | impaired | NONE |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the [Insert "effective date of this Plan as provided in Article VII," "the date of the entry of the order confirming this Plan," or other applicable date]:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| -NONE- | |

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the [Insert "effective date of this Plan," "the date of the entry of the order confirming this Plan," or other applicable date]. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than fifteen (15) days after the date of the order confirming this Plan.

B25A (Official Form 25A) (12/11) - Cont. 3

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Payment of all allowed claims will be made on the Effective Date in one payment to each creditor in accordance with the plan from non-debtor funds.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary].

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

[8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

## ARTICLE IX
## DISCHARGE

9.01    Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

By:   /s/ Frederick S. White, Sr.
      Frederick S. White, Sr.
      The Plan Proponent

By:   /s/ Robert C. Bruner
      Robert C. Bruner  0065876
      Attorney for the Plan Proponent